WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Frances D'Ambrosio,<br><br>    Plaintiff,<br><br>v.<br><br>Tara Spalding and Maricopa County,<br><br>    Defendants. | No. CV-13-01859-PHX-BSB<br><br>**ORDER** |

  This matter is before the Court on its own review.  Plaintiff, proceeding without counsel, commenced this action on September 10, 2013.  (Doc. 1.)  Plaintiff has consented to magistrate judge jurisdiction.[1]  (Doc. 8, 10.)  The Court has granted Plaintiff *in forma pauperis* status (Doc. 2) and, pursuant to 28 U.S.C. § 1915(e)(2), the Court screens the Complaint.

**I. Screening Complaint under 28 U.S.C. § 1915(e)(2)**

  When a party has been granted *in forma pauperis* status, the district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Although much of § 1915 addresses how prisoners can file proceedings *in forma pauperis*, § 1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners.  *Lopez v. Smith*, 203 F.3d 1122,

---

  [1] No defendant has been served or otherwise appeared in this case.

1127 (9th Cir. 2000) (stating that "[i]t is . . . clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.").

"[A] complaint, containing both factual allegations and legal conclusions is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2) is identical to the legal standard used under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Wilkerson v. Sullivan*, 593 F.Supp.2d 689, 690 (D. Del. 2009); *see Lopez*, 203 F.3d at 1126-27.

A court may consider issue and claim preclusion in assessing whether a complaint states a claim. *See Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (court properly considered doctrine of res judicata even though defendant did not raise it because the doctrine is "based[, in part,] on the avoidance of unnecessary judicial waste"); *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 2004) (noting that res judicata challenges may be considered in a motion to dismiss for failure to state a claim under Rule 12(b)(6); *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) (res judicata may be upheld on a Rule 12(b)(6) motion when relevant facts are shown by court records); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (res judicata properly raised in motion to dismiss when there are no disputed issues of fact); *see also Rainwater v. Banales*, 2008 WL 5233138, at *9 n.6 (C.D. Cal. 2008) (leave to amend may be denied as futile when the claims would be barred by res judicata or collateral estoppel).

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553

1 U.S. 880, 892 (2008).  The doctrine of res judicata bars the re-litigation of claims previously decided on their merits.  *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005).  Claim preclusion provides that a final judgment on the merits of an action precludes the parties from litigating claims that were, or could have been, raised in that action.  *See Taylor*, 553 U.S. at 892.  By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-154 (1979).

"The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council*, *Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)); *see also United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (same).  Under the doctrine of collateral estoppel, or issue preclusion, a party is precluded from re-litigating an issue if (1) there was a full and fair opportunity to litigate the issue previously; (2) the issue was actually litigated; (3) there was a final judgment on the merits; and (4) the person against whom collateral estoppel is asserted was a party or in privity with a party in the previous action.  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008).

For purposes of this action, the Court takes judicial notice of the December 27, 2012 Order filed in an earlier related case.  *See Mary D'Ambrosio v. John Rea, et al.* No. CV-12-1182-PHX-GMS, Doc. 27 (dismissing action with prejudice).  The Court also takes judicial notice of other orders and documents filed in that prior case, which the Court finds are not subject to reasonable dispute.[2]

---

[2] A court may take judicial notice of documents outside of the complaint that are "matters of public record" as long as the facts noticed are not "subject to reasonable dispute." *See* Fed. R. Evid. 201.  In particular, a court may take judicial notice of pleadings, memoranda, and other verifiable documents from earlier related litigation. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

- 3 -

## II. Plaintiff's Complaint

In her complaint, Plaintiff alleges that she was subject to cruel and unusual punishment in the Maricopa County Jails. She names Tara Spalding and Maricopa County as Defendants. She alleges that Defendant Spalding and two guards physically assaulted her and caused her bodily injury. She asserts that the incident was recorded on video. (Doc. 1 at 1.) Plaintiff seeks five million dollars in damages for her pain and suffering, "long lasting mental distress as a disabled person," and "heart ailments due to stress of litigation." (Doc. 1 at 1, 4.) From the complaint, it appears that Plaintiff's claims were litigated in two lawsuits filed in state court, and appeals were brought in the Arizona Court of Appeals. (Doc. 1 at 2-3.) Plaintiff argues that her claims have been improperly disposed "each time, in each court [for] 6 years." (*Id.* at 3.)

Plaintiff acknowledges that, in an earlier case assigned to the Honorable Judge Snow in this district, *Mary D'Ambrosio v. John Rea, et al.* No. CV-12-1182-PHX-GMS, she brought the same claims that she asserts in her current complaint against Defendants Spalding and Maricopa County. (*Compare* Doc. 1 at 2; 2:12cv1182-GMS, Doc. 6 at 2-3).

## III. Amended Complaint in 2:12cv1182-GMS

The amended complaint in 2:12cv1182-GMS named, among others, Maricopa County and Tara Spalding as defendants. (2:12cv1182-GMS, Doc. 5 at 1.) Plaintiff alleged that she was physically assaulted by jail guard Tara Spalding "on video camera" and sought five million dollars in damages. (*Id.*) She alleged that Maricopa County was liable for "the guards'" deliberate indifference. She further alleged that her harm had "its inception in 2007." (2:12cv1182-GMS, Doc. 5 at 4.)

Judge Snow screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and found that, liberally construed, it may state a claim against defendants Tara Spalding and Maricopa County for a 42 U.S.C. § 1983 claim for excessive force or cruel and unusual punishment and directed Plaintiff to serve the amended complaint on Defendants Spalding and Maricopa County. (2:12cv1182-GMS, Doc. 6 at 3.) The Court dismissed

Plaintiff's other claims asserted in the amended complaint. (2:12cv1182-GMS, Doc. 6 at 3.)

On December 20, 2012, Judge Snow dismissed Plaintiff's amended complaint with prejudice concluding that her claims were time barred because her alleged injuries occurred before June 4, 2010. (Doc. 27 at 2, 4 (citing Arizona's two year statute of limitations for personal injury actions, Ariz. R. Stat. § 12-5421).) The Court noted that Plaintiff had filed several complaints in state court asserting similar claims, and warned Plaintiff that a vexatious litigant order might be appropriate if she continued to file complaints covering the same alleged conduct. (Doc. 27 at 3-4.) The Court, however, declined to enter such an order because of the "sparse record." (*Id.* at 3.)

## IV.    Claim Preclusion/Res Judicata

In the current complaint, Plaintiff complains that Judge Snow did not reopen 2:12cv1182-GMS despite her attempts to present her arguments to the Court. (Doc. 1 at 4; 2:12cv1182-GMS, Docs. 48-50.) It appears that Plaintiff filed this action in an attempt to circumvent Judge Snow's rulings in her previously filed and dismissed case.

In the current complaint, Plaintiff attempts to revive her claims that Tara Spalding and Maricopa County subjected her to cruel and unusual punishment in the Maricopa County Jail, which Judge Snow dismissed with prejudice in 2012. Plaintiff names the same defendants, Tara Spalding and Maricopa County, that she named in 2:12cv1182-GMS and asserts the same claims based on the same alleged conduct that "had its inception in 2007."[3] This Court has entered a final judgment against Plaintiff on these

---

[3] Plaintiff argues that her injuries are related to the litigation that has been ongoing for "six years (since 2007)." (Doc. 1 at 3.) She also asserts that she has stress related ailments due to the ongoing litigation and refers to an "April 5 trial, trip and fall, 2008." (Doc. 1 at 6.) Plaintiff's allegations of stress-related ailments arise of out of conduct allegedly occurring in 2007, which was previously litigated. Even if those ailments were exacerbated by an incident that allegedly occurred in 2008, those claims are barred by the statute of limitations. "In determining the proper statute of limitations for actions brought under 42 U.S.C. § 1983, we look to the statute of limitations for personal injury actions in the forum state." *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Arizona law has a two year statute of limitations for personal injury actions. Ariz. Rev. Stat. § 12-542(1). This Court cannot entertain Plaintiff's claims if her injuries occurred before September 10, 2011.

- 5 -

1 claims, which were raised in an action she previously filed and for which she seeks relief
2 in this case. Considering the record in this case and in 2:12cv1182-GMS, the Court
3 concludes that the claims in the complaint are barred by res judicata. Therefore, Plaintiff
4 fails to state a claim upon which relief may be granted and the Court will dismiss the
5 complaint without leave to amend because it is clear that the allegation of other facts
6 could not cure the defect. *See* 28 U.S.C. § 1915(e)(2); *Reed v. County of Maricopa*, 201
7 F.3d 385 (2000) (unpublished) (affirming dismissal pursuant to 28 U.S.C. § 1915(e)
8 based on determination that res judicata and collateral estoppel barred plaintiff's claims);
9 *Rainwater*, 2008 WL 5233138, at *9 n.6 (leave to amend may be denied as futile when
10 the claims would be barred by res judicata or collateral estoppel); *Puckett v. United*
11 *States*, 2006 WL 2265264, at *3 (D. Idaho Aug. 8, 2006) (dismissing complaint pursuant
12 to 28 U.S.C. § 1915(e) because plaintiff's claims were barred by res judicata and
13 collateral estoppel, therefore, he failed to state a claim).

14 Accordingly,

15 **IT IS ORDERED** that Plaintiff's complaint is dismissed with prejudice. The
16 Clerk of Court is directed to terminate this case.

17 Dated this 22nd day of November, 2013.

Bridget S. Bade
United States Magistrate Judge